Justin Cilenti (GC 2321)
Peter Hans Cooper (PHC 4714)
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ARTURO ESCOBAR,<br><br>Plaintiff,<br><br>- against -<br><br>MOSHOLOU PARKWAY LLC, and NEZIR MEHAJ, individually,<br><br>Defendants. | Case No.: 26 cv 7236<br><br>**COMPLAINT in an FLSA ACTION**<br><br>ECF Case<br><br>Jury Trial Demand |

Plaintiff, Carlos Arturo Escobar ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Mosholou Parkway LLC, located at 25 East Mosholou Parkway North, Bronx, NY 10467, and Nezir Mehaj, individually, (collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff, Carlos Arturo Escobar, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff, Carlos Arturo Escobar, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid minimum

wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums for each day he worked more than ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

**PARTIES**

5. Plaintiff is an adult resident of Bronx County, in New York City.

6. Upon information and belief, Defendant, Mosholou Parkway LLC is a domestic business organized and existing under the laws of the State of New York, located at 25 East Mosholou Parkway North, Bronx, New York 10467.

7. Mosholou Parkway LLC currently owns and manages a building located at 25 East Mosholou Parkway North, Bronx, New York 10467.

8. Mosholou Parkway LLC and its principals have had the authority and responsibility over payroll decisions relating to the employees of the properties it manages, including the property owned located at 25 East Mosholou Parkway North, Bronx, New York 10467.

9. Upon information and belief, Defendant, Nezir Mehaj, is an owner, officer, director and/or managing agent of the corporate defendant, whose address is

unknown at this time, and who participated in the day-to-day operations of the corporate defendants, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendants.

10. Defendant, Nezir Mehaj, at all relevant times, has been actively involved in managing the day to day operations Mosholou Parkway LLC.

11. The performance of Plaintiff's job responsibilities, was and continues to be controlled by Mosholou Parkway LLC and its principal, Nezir Mehaj.

12. Plaintiff, Carlos Arturo Escobar, was employed by Defendants in New York City, to work as a building superintendent, from in or around September 12, 2022, through July 22, 2026.

13. At all relevant times, the corporate defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all relevant times, the work performed by Plaintiff was and is directly essential to the apartment building owned and operated by the corporate defendant.

15. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages, minimum wages, promised reimbursement for expenses, and overtime compensation, in contravention of the FLSA and New York Labor Law.

16. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**STATEMENT OF FACTS**

17. On or about September 12, 2022, Plaintiff, Carlos Arturo Escobar, was hired by Defendants to work as a superintendent at Defendants' apartment building, located at 25 East Mosholu Parkway North, in Bronx County, New York.

18. Plaintiff, Carlos Arturo Escobar, worked for the Defendants continuously beginning in September 2022, through July 22, 2026.

19. During Plaintiff Carlos Arturo Escobar's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally works seven (7) days a week, and his work shift consists of approximately nine (9) or more hours each day.

20. Throughout his employment with Defendants, Plaintiff was paid a flat rate of $500.00, *per month*, regardless of the number of hours he worked in the pay period.

21. Throughout the course of his employment, Plaintiff regularly worked, seven (7) days a week, and over forty (40) hours per week, without receiving minimum wages and overtime pay, as required by law.

22. Throughout his employment, Plaintiff's duties at the building owned and managed by Defendants, included but were not limited to, sorting and removing the garbage and recycling, sweeping and mopping, general renovations, cleaning, and checking and maintaining the boiler; handling clogged and leaking pipes; groundskeeing and snow removal; collecting rents; and assisting with renting vacant units.

23. Throughout his employment with Defendants, Plaintiff worked approximately sixty-three (63) to sixty-six (66) hours per week.

24. Plaintiff Carlos Arturo Escobar was not paid wages for all hours worked, minimum wages, and overtime compensation.

25. Plaintiff was paid five hundred dollars ($500.00), monthly.

26. Plaintiff was paid in cash; he did not receive a wage statement or other notices, and received no written explanation for his wages.

27. The Defendants refuse to reimburse plaintiff for nine thousand dollars ($9,000.00) of promised out of pocket expenses incurred on behalf of and for the benefit of his employer.

28. Plaintiff resided in the basement for the purpose of being available to provide services to the building on a 24-hour basis.

29. At not point during his employment did Defendants track Plaintiff's work hours or provide any means for Plaintiff to report his working hours.

30. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Carlos Arturo Escobar lawfully earned minimum wages in contravention of the FLSA and New York Labor Law.

31. At relevant times, Defendants knowingly and willfully failed to pay Plaintiff Miguel Infante lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

32. At relevant times, Defendants knowingly and willfully failed to pay Plaintiff Carlos Arturo Escobar lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

33. Plaintiff, Carlos Arturo Escobar, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

34. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

35. Plaintiff has been substantially damaged by Defendants' wrongful conduct.

36. Plaintiff did not receive annual wage notices.

37. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff.

38. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

39. Defendant, Nexir Mehaj, is an individual who, upon information and belief, owns the stock of the corporate defendants, owns the corporate defendants, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

40. Defendants did not provide Plaintiff, with an accurate wage statement or summary, accurately accounting for his actual hours worked, and setting forth his hourly rate of pay, or other basis for his pay, and overtime wages, deductions or withholdings, and gross and net wages.

41. Upon information and belief, this was done in order to disguise the actual number of hours Plaintiff worked, and to avoid paying him, for (1) his full hours worked; and (2) overtime due.

42. Without adequate contemporaneous time records and accurate weekly wage statements, Plaintiff will not recover the full amount of wages owed, thereby constituting a significant and concrete injury.

43. Defendants' failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

44. Defendants' failure to provide a weekly wage statement entitles plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

45. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

46. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the New York Labor Law by failing to maintain accurate and complete payroll records and failing to provide wages statements to Plaintiff.

47. The individual defendant Nezir Mehaj exercised control over the terms and conditions of Plaintiff's employment; in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work

schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment. He personally paid Plaintiff on a monthly basis.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

48. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

51. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

52. Plaintiff, Carlos Arturo Escobar, worked hours for which he was paid no wages; and at all other times, he was paid less than the statutory minimum hourly wage.

53. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, for his hours worked.

54. Defendants failed to pay Plaintiff, minimum wages in the lawful amount for his hours worked.

55. Plaintiff, Carlos Arturo Escobar, was entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

56. Defendants failed to pay Plaintiff, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

57. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

58. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure him.

59. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

60. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Such records may be inaccurate or false because Defendants did not have a timekeeping system in place. Plaintiff intends to obtain any such records by discovery

proceedings and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

61. Defendants failed to properly disclose or apprise Plaintiff, Carlos Arturo Escobar, of his rights under the FLSA.

62. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

63. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

64. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violation of the New York Labor Law]**

65. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "64" of this Complaint as if fully set forth herein.

66. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

67. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff wages for all hours worked, and minimum wages in the lawful amount for hours worked.

68. Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the New York Labor Law.

69. In violation of New York Labor Law, Part 141-1, Defendants failed to pay Plaintiff the statutory unit rate per week for janitors in residential buildings.

70. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

71. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

72. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

**COUNT III**
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

73. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "72" of this Complaint as if fully set forth herein.

74. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying him for his full hours worked; and, overtime due.

75. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

76. Plaintiff was not provided with a proper, written notice as required by the New York State Wage Theft Prevention Act.

77. Plaintiff was not provided with weekly wage statements, as required by applicable regulations.

78. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

79. Due to Defendants' violation of New York Labor Law § 195(1), plaintiff is entitled to recover from Defendants damages of fifty dollars ($50.00) per day that the violation occurred, up to a maximum of five thousand dollars ($5,000), reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL § 198(1-b).

80. Due to Defendants' violation of New York Labor Law § 195(3), plaintiff is entitled to recover from Defendants damages of two hundred fifty dollars ($250.00) per day that the violation occurred, up to a maximum of five thousand dollars ($5,000), reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL § 198(1-d).

81. Plaintiff is also owed approximately nine thousand dollars ($9,000.00) for supplies purchased and extra jobs performed for which he was not reimbused and promised additional compensation was not provided.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Carlos Arturo Escobar, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment and injunctive relief, preventing Defendants from continuing the practices complained of herein; under the FLSA and New York Labor Law;

(b) An award of unpaid wages and minimum wages due under the FLSA and New York Labor Law;

(c) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(d) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
August 25, 2026

Respectfully submitted,

By: ______________________________

Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Carlos A. Escobar, am an individual currently or formerly employed by Mosholou Parkway LLC and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.

Dated: New York, New York
August 24, 2026

[signature]